**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3239
_____

FRANCIS B. SERIEUX,
                                        *Appellant*

v.

FRANK JONES,
SUPERVISOR L. BOYNES

_____

On Appeal from the District Court
for the Virgin Islands
District Court No. 3-20-cv-00056
District Judge: Honorable Robert A. Molloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 9, 2021
_____

Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Opinion filed: March 9, 2022)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKee, *Circuit Judge.*

     Francis B. Serieux appeals the District Court's dismissal of his claim against Frank Jones for lack of subject matter jurisdiction. Because the District Court did not err in adopting the Magistrate Judge's Report and Recommendations for dismissal or denying Serieux's motion for an extension to file objections to the R & R, we will affirm.[1]

## I.

     Serieux filed a complaint, alleging that Jones told him that the Court was not accepting any paperwork and was closed on May 4, 2020. Magistrate Judge Miller entered an R & R recommending dismissal of Serieux's complaint against Jones for lack of subject matter jurisdiction.[2] Judge Miller found no basis in Serieux's allegations that invoked federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.[3] The R & R provided that "[a]ny objections to this [R & R] must be filed in writing within 14 days of receipt of this notice[, and f]ailure to file objections within the specified time shall bar the aggrieved party from attacking such [R & R] before the assigned District

---

[1] The Magistrate Judge screened the pleading pursuant to 28 U.S.C. § 1915(e)(2) because Serieux is proceeding *pro se in forma pauperis*. The District Court reviewed *de novo* only those portions of the R & R to which the party has objected. Fed. R. Civ. P. 72(b)(3). We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

[2] R & R, *Serieux v. Frank*, No. 3:20-cv-00056, 2020 WL 5087878, at *3 (Dist. C. V.I. Aug. 28, 2020) (Miller, Mag. J.).

[3] *Id.*

Court Judge."[4] The next day, the R & R was sent to Serieux via certified mail; thus, the deadline for Serieux to file objections was August 24, 2020.

On August 18, Serieux filed a motion for a one-month extension to make his objections.[5] Serieux claimed he was awaiting copies of his complaints from the Court as he was sent the wrong documents and the print was too small for him to read. Serieux also claimed that it was impossible for him to correct the complaints for his twenty-four cases within the prescribed fourteen days.[6]

On August 28, the District Court adopted the R & R, dismissing Serieux's complaint for lack of subject matter jurisdiction and denying Serieux's request for an extension to file objections to the R & R.[7] The Court concluded that Serieux's assertions did not constitute good cause as he did not present circumstances of unforeseen or uncontrollable events.[8]

## II.

Serieux raises two issues on appeal: (1) the dismissal of his complaint for lack of subject matter jurisdiction, and (2) the denial of his motion for an extension to file objections to the R & R. We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*[9] and its denial of a motion for an extension for abuse

---

[4] *Id.*

[5] ECF 4.

[6] At that time, the District Court had 18, rather than 24, complaints docketed for Serieux. *Serieux*, 2020 WL 5087878, at *1 n.1.

[7] *Id.* at *3.

[8] *Id.* at *2.

[9] *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

3

of discretion.[10] Serieux cannot succeed on either issue. There is no basis for federal jurisdiction apparent on the face of Serieux's complaint; there are neither any identifiable claims under federal law, nor diversity of citizenship.

Although Serieux arguably has shown good cause for his motion for an extension of time to file objections, the District Court did not abuse its discretion in denying the motion. Moreover, given the nature of the substance of his claim, an extension would not have resulted in a different outcome.

We therefore affirm the District Court.

---

[10] *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).